FILED
U.S. DISTRICT COURT
2009 DEC -7 AM 10: 44

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 109-167 |
| | ) | |
| JOHN DOUGALD ANDERSON | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In the above-captioned criminal case, the government has accused Defendant John Dougald Anderson of one count of Physical Assault of a Postal Employee, in violation of 18 U.S.C. § 111. The matter is now before the Court on Defendant's motion to dismiss.[1] (Doc. no. 25). For the reasons developed below, the Court **REPORTS** and **RECOMMENDS** that the motion be **DENIED**.

I.  **BACKGROUND**

The one-count indictment in this case alleges that on or about June 10, 2009, Defendant "knowingly did forcibly impede, intimidate, and interfere with P.M.M., a mail carrier employee of the United States Postal Service, such acts constituting assault involving physical contact with P.M.M., while P.M.M. was engaged in her official duties, in violation

---

[1] The full title of Defendant's motion is: "Motion to Dismiss as Statute is Void for Vaguenes[s] or Overly Broad or Is So as Applie[]d." (Doc. no. 25, p. 1).

of Title 18, United States Code, Section 111."[2] (Doc. no. 1). Although Defendant's argument is somewhat difficult to decipher, he appears to be arguing - without the support of any Eleventh Circuit case law - that the case against him should be dismissed because he cannot figure out "which of his touchings [] constitute acts that are criminal, misdemeanor or felonious, inhibiting his ability to prepare a defense."[3] (Doc. no. 25, p. 1). Without offering any specific details, Defendant further contends, "Under the evidence that will arise

---

[2]In pertinent part, the charging statute provides:

**(a) In general.**--Whoever- -

(1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or

(2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service,

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and **where such acts involve physical contact with the victim of that assault** or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

18 U.S.C. § 111(a) (emphasis added).

[3]Although the words "void for vagueness" and "overly broad" appear in the motion, Defendant is not clear on his specific arguments concerning vagueness or overbreadth. Instead, he adopts a more general approach, arguing as he did in his requests for a bill of particulars (doc. nos. 14, 24) that he cannot figure out which touchings are considered to be at a misdemeanor level of force under § 111 and which touchings are considered to be at a felony level of force. As explained in Part II(B), *infra*, notice challenges are generally brought as "void for vagueness" challenges under the Due Process Clause of the Fifth Amendment. In the absence of specific arguments from Defendant about his buzzword challenges, the Court will analyze his request for dismissal based on the general premise that he alleges he has not been given adequate notice concerning the charge he faces.

2

the statu[t]e is overly broad and criminalizes any 'physical contact,' even that which is protected by defense, where the force was not forcible enough to result in a conviction beyond a reasonable doubt." (Id. at 2). The government counters that the indictment is sufficiently specific to put Defendant on notice of the charge against him and that under controlling Eleventh Circuit case law, the charging statute is constitutionally sound. (See generally doc. no. 27). The government has the better argument.

## II. DISCUSSION

### A. Indictment Is Sufficiently Specific

Fed. R. Crim. P. 7(c)(1) requires that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." In the Eleventh Circuit, an indictment is sufficient if it: "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." United States v. Walker, 490 F.3d 1282, 1296 (11th Cir. 2007) (citation omitted); see also United States v. Cole, 755 F.2d 748, 759 (11th Cir. 1985) (finding that an indictment satisfies constitutional requirements by informing a defendant of the charges against him and enabling the defendant to plead double jeopardy in case of future prosecution for the same offenses). The sufficiency of a criminal indictment is determined from its face, United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006), and "[f]acial sufficiency is not a high hurdle." United States v. Bates, 96 F.3d 964, 970 (7th Cir. 1996). Stated otherwise, "[a]n indictment that tracks the language of the relevant statute is sufficient, as long as it also provides a statement of facts and circumstances

3

that give notice of the offense to the accused." Walker, 490 F.3d at 1296 (citation omitted); see also United States v. Silverman, 745 F.2d 1386, 1392 (11th Cir. 1984) ("The accusation must be legally sufficient, i.e., it must assert facts which in law amount to an offense and which, if proved, would establish prima facie the accused's commission of that offense."). Nevertheless, an indictment need not "allege in detail the factual proof that will be relied upon to support the charges." United States v. Crippen, 579 F.2d 340, 342 (5th Cir. 1978)[4]; see also Bates, 96 F.3d at 970 ("Indictments need not exhaustively describe the facts surrounding a crime's commission nor provide lengthy explanations of the elements of the offense.").[5]

Here, as set forth above, the indictment tracks the of language of the statute under which Defendant has been charged, 18 U.S.C. § 111(a). Defendant has been made aware that he is charged with assault involving physical contact with P.M.M., a mail carrier of the United States Postal Service, while she was engaged in her official duties. Moreover, as the government points out in its response, in one of Defendant's motions for a bill of particulars, he describes in detail "two instances in which Defendant touched P.M.M., once on the hands and shoulders." (Doc. no. 27, p. 3 (making reference to doc. no. 24, p. 4)). To the extent that

---

[4]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

[5]As other courts have explained, the government is neither required to "set forth evidence or details of how a crime was committed," nor required to "prove its case" in an indictment. United States v. Triumph Cap. Group, Inc., 260 F. Supp.2d 444, 448 (D. Conn. 2002) (citing United States v. Carrier, 672 F.2d 300, 303-04 (2d Cir. 1982) and Costello v. United States, 350 U.S. 359, 363 (1956)). Accordingly, "a technically sufficient indictment is not subject to dismissal on the basis of factual questions, the resolution of which must await trial." Id. (internal citations and quotation marks omitted).

Defendant may be trying to challenge the sufficiency of the evidence via a challenge to the sufficiency of the indictment, this, too, must fail because criminal summary judgment proceedings are not permitted. As the Eleventh Circuit has explained:

> The district court's supervisory authority to dismiss indictments cannot be anchored to a kind of criminal summary judgment procedure. We recognize that our system of criminal procedure may result in legally meritless cases being sent to trial, but absent further legislative direction, it is not for the courts to filter which criminal cases may reach the trial stage by reviewing the proffered evidence in advance.

United States v. Salman, 378 F.3d 1266, 1268-69 (11th Cir. 2004). Thus, the Court concludes that the indictment is sufficiently specific to put Defendant on notice of the charge brought against him.

### B. Charging Statute Is Constitutionally Sound

The fact that the indictment is sufficiently specific does not put to rest Defendant's constitutional challenge to the language of the charging statute; however, case law from the United States Supreme Court and the Eleventh Circuit does. In United States v. Williams, 128 S. Ct. 1830 (2008), the Supreme Court explained that a "void for vagueness" challenge is actually a challenge under the Due Process Clause of the Fifth Amendment, and to comport with due process, a statute must "provide a person of ordinary intelligence fair notice of what is prohibited" and must not be "so standardless that it authorizes or encourages seriously discriminatory enforcement." Williams, 128 S. Ct. at 1845. However, "[v]agueness challenges to statutes not threatening First Amendment interests are examined in light of the facts of the case at hand; the statute is judged on an as-applied basis." Maynard v. Cartwright, 486 U.S. 356, 361 (1988); United States v. Waymer, 55 F.3d 564,

5

568 (11th Cir. 1995) (conducting "as applied" analysis in vagueness challenge to mail fraud statute). Thus, the Court declines to review the facial sufficiency of the charging statute and will confine its analysis to the constitutionality of the statute as it is applied to Defendant in the factual context asserted by the government.

In Williams, *supra*, the Supreme Court explained:

> What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is. Thus, we have struck down statutes that tied criminal culpability to whether the defendant's conduct was "annoying" or "indecent"-wholly subjective judgments without statutory definitions, narrowing context, or settled legal meanings.

128 S. Ct. at 1846. Here, the indeterminacy discussed in Williams, *supra*, does not exist because the indictment charges "acts constituting assault involving physical contact." (Doc. no. 1). In particular, as explained below, the Eleventh Circuit has determined that the variations in language within the statute make it possible to discern the amount of force charged in a given case, and therefore the above-quoted language in this indictment provides the necessary information to Defendant.

18 U.S.C. § 111(a) establishes three categories of "forcible assault," each with its own penalty:

> (1) "simple assault," punishable by not more than a year of imprisonment; (2) "all other cases" of forcible assault, which are punishable by not more than three years' imprisonment; and (3) "all other cases" of forcible assault where the defendant uses a deadly or dangerous weapon or inflicts bodily injury, which are punishable by not more than ten years' imprisonment.

6

United States v. Martinez, 486 F.3d 1239, 1244-45 (11th Cir. 2007) (*per curiam*).[6] Thus, although "Congress did not define 'simple assault' or the difference between a forcible assault that should be considered a 'simple assault' and an 'all other cases' forcible assault," id. at 1245, the Eleventh Circuit has noted that forcible assault must be something more than mere simple assault, "such as a willful attempt or threat to inflict *serious* bodily injury, coupled with an apparent present ability, which causes an intended victim a reasonable apprehension of immediate *serious* bodily harm or *death*." United States v. Fallen, 256 F.3d 1082, 1088 (11th Cir. 2001); see also United States v. Rivera-Alonzo, 584 F.3d 829, 833-34 (9th Cir. 2009) (explaining, in Circuit also following break down of three categories of offenses under § 111, that misdemeanor simple assault under § 111 is a lesser included offense of felony assault "minus the 'physical contact' element of the 8-year felony"). Here, the indictment charges Defendant with "assault involving physical contact," and therefore there can be no question that as applied to Defendant, that statute is clear that he is facing a charge of using a felonious level of force against P.M.M.

---

[6]The Court notes that this language was used by the Eleventh Circuit prior to the point at which Congress amended § 111(a) as part of the Court Security Improvement Act of 2007 to clarify that the 8-year felony applied "if the assault involved physical contact with the victim of that assault. . . ." Pub. L. 110-177, § 208(b), 121 Stat. 2534, 2538 (2008). Thus, the Eleventh Circuit established its categories of forcible assault even before Congress specifically added the "physical contact" language, which as discussed herein, is specifically included in the indictment in this case and leaves no doubt as to the felonious level of force which Defendant has been accused of using.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **DENIED**. (Doc. no. 25).

SO REPORTED and RECOMMENDED this 7th day of December, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE